IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Criminal Action No. 5:08CR39-01
                                                                                  (STAMP)
EDWIN HOLLIDAY a/k/a "TWIST,"

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO WITHDRAW PLEA OF GUILTY

### I.  Procedural History

At a hearing before this Court on July 30, 2008, the defendant, Edwin Holliday ("Holliday"), entered a plea of guilty to one count of conspiracy to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  At the plea hearing, this Court accepted Holliday's plea of guilty and deferred adjudging him guilty until a later date.  Subsequently, Holliday filed a motion to withdraw his plea of guilty.  The United States has filed a response in opposition to the defendant's motion.  After considering the parties' arguments and the relevant law, and reviewing the plea agreement and the transcript from the plea hearing, this Court finds that Holliday's motion to withdraw his plea of guilty should be denied.

## II. Facts

A. Background Leading to the Filed Plea Agreement

The United States has presented the following factual background describing the events leading to the filing of the plea agreement. Holliday has not disputed the United States' version.

On May 9, 2008, Holliday and another individual, Mario E. Rodriguez ("Rodriguez"), were arrested on federal charges of conspiracy to distribute more than five grams of cocaine base. Rodriguez entered into plea negotiations with the United States. Holliday, through his counsel, was advised of the ongoing plea discussions between Rodriguez and the United States. The United States then offered a Holliday plea agreement for his consideration. That agreement provided that Holliday would plead guilty to an information charging him with aiding and abetting the distribution of cocaine base within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. Holliday signed the plea agreement on May 30, 2008 and returned it to the United States. However, Holliday's attorney advised the United States that Holliday had not yet authorized the filing of the plea agreement. The United States agreed not to file the plea agreement immediately and informed defense counsel that Holliday would need to decide by no later than June 2, 2008, whether he wished the plea agreement to be filed because the grand jury was scheduled for June 3, 2008, and that on June 2, 2008,

defense counsel informed the United States that Holliday did not want the plea agreement to be filed.

On June 3, 2008, the grand jury returned a seven-count indictment charging Holliday in Count One with conspiracy to distribute more than five grams of cocaine base, and in Count Four with aiding and abetting the distribution of cocaine within 1,000 feet of a protected location.[1]  Defense counsel contacted the United States in early July 2008 to authorize the filing of the previously executed plea agreement.  The United States informed defense counsel that it could not file the previously executed plea agreement because that agreement provided for a plea by way of information.  However, the United States advised defense counsel that it would tender a new plea agreement providing for Holliday to plead guilty to Count One of the indictment, which charged Holliday with conspiracy to distribute more than five grams of cocaine base.

B.   The Filed Plea Agreement

The new plea agreement was executed by Holliday on July 22, 2008.  On July 30, 2008, this Court held a hearing to consider the proposed plea agreement.  At that hearing, the United States reviewed the terms of the plea agreement, including, among other things, that the defendant was pleading guilty to Count One

---

[1]The United States' response to Holliday's motion to withdraw his plea of guilty states that the offense charged in Count Four of the indictment was aiding and abetting distribution of cocaine base within 1,000 feet of protected location.  However, in Count Four the indictment charges aiding and abetting distribution of cocaine, not cocaine base, within 1,000 feet of protected location.

charging a conspiracy to distribute more than five grams of cocaine base, and that he was waiving his appellate and post-conviction rights, his right to have a jury make factual determinations, and his right to raise the issue of DNA testing. Holliday was placed under oath, and this Court asked him whether the signature on all pages of the plea agreement next to the date July 22, 2008, was his signature; whether he understood and agreed with all the terms and provisions of the plea agreement; whether he had reviewed the plea agreement with his counsel; and whether his counsel had answered to his satisfaction any questions that he had about the plea agreement. To each of these questions, Holliday responded, "Yes, Your Honor."

This Court also reviewed in detail the rights Holliday was waiving by entering a plea of guilty pursuant to the terms of the plea agreement. Holliday indicated that he understood he was waiving those rights. Specifically, Holliday confirmed that he understood that pursuant to paragraph twelve, at page four of the plea agreement, he had agreed to waive the right to raise any issues of DNA testing under the DNA testing statute in connection with any collateral challenge to his conviction. He also confirmed that he understood that pursuant to paragraph eleven, at page four of the plea agreement, he had agreed to waive the right to appeal the sentence for any reason under the sentencing statute and that he had waived the right to seek post-conviction relief, subject to certain exceptions, such as ineffective assistance of counsel,

4

sentence above a statutory maximum, and sentence for an unconstitutionally impermissible purpose. Finally, Holliday confirmed that he understood that pursuant to paragraph ten of the plea agreement, he had waived the right to have a jury make factual determinations for sentencing purposes.

Further, this Court reviewed in detail each element of the offense charged in the indictment to which Holliday proposed to enter a guilty plea, namely conspiracy to distribute more than five grams of cocaine base. In response to this Court's questions whether Holliday had received and reviewed the indictment with his counsel and whether his counsel had answered to his satisfaction any questions he had about the indictment, Holliday answered, "Yes, Your Honor." This Court then explained the specific elements of the conspiracy charge to which Holliday intended to plead guilty, and the statutory maximum and minimum penalty to which Holliday would be exposed by entering a plea of guilty.

Later in the plea colloquy, this Court again asked Holliday whether he understood that, subject to the exceptions discussed earlier in the plea hearing, he was waiving his right to appeal any sentence within the statutory maximum and his right to seek post-conviction relief. Holliday answered, "Yes, Your Honor." Holliday also confirmed that he understood that rather than pleading guilty, he had the right to continue to plead not guilty and to maintain that not guilty plea throughout the remainder of the proceedings,

5

including the trial, and that he understood he was giving up that right by pleading guilty.

Holliday then entered a plea of guilty to Count One of the indictment. Holliday stated in open court, under oath, that he fully understood the consequences of entering a plea of guilty to Count One, and that he was, in fact guilty of conspiracy to distribute more than five grams of cocaine base, as charged in Count One of the indictment. Holliday further stated that his counsel had adequately and effectively represented him and that she had not left anything undone that he believed should have been done on his behalf.

This Court found that Holliday was competent to enter a plea of guilty to Count One, that the plea was freely and voluntarily made, that Holliday was aware of the consequences of the plea, that there was a basis in fact for the plea, and that the elements of the crime had been established. This Court accepted Holliday's plea of guilty but deferred accepting or rejecting the plea agreement and deferred adjudging Holliday guilty until a later date. Subsequently, Holliday filed a motion to withdraw his guilty plea.

C. The Parties' Arguments

In his motion, Holliday asserts that he did not fully understand the difference between the first proposed plea agreement, which provided that he would plead guilty to an information charging him with aiding and abetting the distribution

of cocaine base within 1,000 feet of a protected location, and the plea agreement ultimately tendered to this Court, which provided that he would plead guilty to Count One of the indictment charging him with conspiracy to distribute more than five grams of cocaine base. Holliday claims that when he was reviewing the second proposed plea agreement with his attorney, they stopped at paragraph ten to discuss the sentencing implications of his stipulating to the total relevant conduct contained therein. Holliday states that he agreed to enter the plea at that point, and did not finish reading the rest of the agreement. Holliday contends that he did not intend to waive his appellate rights or his right to raise the issue of DNA testing. He further contends that his counsel's failure to review with him the remaining contents of the plea agreement demonstrates that he did not knowingly enter the plea agreement. Holliday also claims that he is not guilty of the conspiracy charge alleged in Count One of the indictment and that it is wrong for him to have pled guilty to a crime which he did not commit. In short, Holliday claims that he did not have a clear understanding of the count to which he was entering a plea of guilty. These circumstances, Holliday contends, constitute a fair and just reason for requesting the withdrawal.

In response, the United States argues that the Rule 11 plea colloquy before this Court contradicts Holliday's contentions that he did not understand the offense to which he was entering a guilty plea and that he did not understand he was waiving his rights to

appeal and to raise the issue of DNA testing. Further, the United States observes that any differences between the first and second plea agreements could not cause any confusion about the defendant's waivers because the agreements contain identical language concerning the waiver of appellate and post-conviction rights, the waiver of the issue of DNA testing, and the waiver of a right to have a jury make factual determinations for sentencing purposes.

### III. Applicable Law

Federal Rule of Criminal Procedure 11(d), which governs the withdrawal of a guilty plea, provides:

> A defendant may withdraw a plea of guilty or nolo contendere:
>     (1) before the court accepts the plea, for any reason or for no reason; or
>     (2) after the court accepts the plea, but before it imposes sentence if:
>         (A) the court rejects a plea agreement under Rule 11(c)(5); or
>         (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d).

Under Rule 11, a defendant has no absolute right to withdraw a guilty plea, even before sentencing. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Rather, a defendant must demonstrate to the district court's satisfaction that a "fair and just reason" supports the request to withdraw. Id. Factors to be considered in determining whether a defendant has demonstrated a fair and just reason for withdrawal of the guilty plea include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal

innocence; (3) whether there has been a delay between entering of the plea and the filing of the motion; (4) whether defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

Id. A fair and just reason for a plea withdrawal is one that "essentially challenges . . . the fairness of a Rule 11 proceeding." United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995).

## IV. Discussion

This Court finds that none of the Moore factors dispositively favor granting Holliday's motion. First, the defendant has not offered credible evidence that his plea not knowing or not voluntary. At the plea hearing on July 30, 2008, this Court fully advised Holliday of the offense to which he proposed to enter a guilty plea and of the rights he would be giving up by pleading guilty. The defendant stated in open court, under oath, that he understood the consequences of pleading guilty. As a result of the hearing held on July 30, 2008, this Court found that the guilty plea entered by Holliday to Count One of the indictment-- conspiracy to distribute more than five grams of cocaine base--had been knowingly, freely, and voluntarily made. Additionally, as the United States correctly observes, the waivers which Holliday claims he made unknowingly because he was confused about the differences between the first and second plea agreements were contained in both agreements. Therefore, this Court does not find credible

Holliday's contention that he was confused about the rights he agreed to waive by pleading pursuant to the second plea agreement.

Second, in none of the pleadings currently before this Court does Holliday credibly assert his legal innocence. The defendant has done nothing more than declare that he did not commit the conspiracy offense. However, at the plea hearing, Sergeant Brian Allen of the West Virginia State Police presented a factual basis for the plea. Defense counsel did not cross-examine Sergeant Allen, and, when asked whether the defendant had any additions or corrections to Sergeant Allen's testimony, both Holliday and his counsel answered, "No, Your Honor." This Court then asked, "Mr. Holliday, based upon the testimony from Sergeant Brian Allen, based upon the rights I have gone over with you, and based upon the Federal Sentencing Guideline implications we have discussed, I will now ask you with regard to Count One of the indictment, how do you plead, sir, guilty or not guilty?" Holliday answered, "Guilty." In light of Holliday's opportunity to add to or correct the testimony of Sergeant Allen, which he declined, and Holliday's subsequent entry of a plea of guilty, this Court does not find credible Holliday's bare assertion that he did not commit the crime to which he pled guilty.

Third, this Court must consider the timeliness of Holliday's motion. Although the motion was filed nearly one month after the plea hearing at which Holliday entered his plea of guilty, Holliday states that within one week of the plea hearing, he asked his

attorney to seek to withdraw the guilty plea.  Accordingly, this factor weighs in Holliday's favor.  However, timeliness alone is not dispositive, and, as discussed herein, all of the other Moore factors weigh against granting the motion.

Fourth, this Court finds no evidence that Holliday's counsel provided ineffective assistance.  To the contrary, during the July 30, 2008 hearing, Holliday was asked if he had been effectively represented by counsel.  Holliday stated to the Court that his counsel had adequately and effectively represented him and that his counsel had not left anything undone that Holliday believed should have been done on his behalf.  Therefore, this Court finds that Holliday has had the benefit of effective assistance of counsel.

Finally, as to the fifth and sixth factors of Moore, this Court finds that withdrawal of Holliday's plea of guilty at this stage of the proceedings will cause substantial prejudice to the government and will inconvenience this Court and waste judicial resources.  All of Holliday's co-defendants have pled guilty.  If this Court were to permit Holliday to withdraw his plea of guilty, he would be the only defendant in this action going to trial. Based upon the entry of guilty pleas by all defendants, the United States has probably ceased its preparation for trial and has diverted its attention and resources investigating and prosecuting other cases.  Similarly, this Court has scheduled other matters on its calendar and has already expended judicial resources relating to the defendant's plea of guilty.  Accordingly, the final two

<u>Moore</u> factors weigh against granting the defendant's motion to withdraw his plea of guilty.

In sum, after consideration of the factors set forth in <u>United States v. Moore</u>, this Court finds that the defendant has not made a showing of a "fair and just reason" for the withdrawal of is plea.

## V. <u>Conclusion</u>

For the reasons stated above, the defendant's motion to withdraw his guilty plea is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:   October 21, 2008

<u>/s/ Frederick P. Stamp, Jr.</u><br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE